UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:22-CR-00574 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| STEVEN JEROME RICHARDS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Plaintiff The United States of America (the "United States" or "Plaintiff") seeks review of the decision of the Magistrate Judge granting Defendant Steven Jerome Richards ("Richards" or "Defendant") bond and release subject to conditions pending trial. Consistent with the Constitution's protection of liberty, federal law favors release unless the defendant presents a serious flight risk or danger to himself or others. Given the centrality of liberty to our constitutional order and the presumption of innocence, the United States bears the burden of proving that detention is warranted. The Court finds that the United States has not met its burden and affirms the decision of the Magistrate Judge.

**FINDINGS OF FACTS**

Based on the record developed in this matter and the proffers of the parties, the Court makes the following findings of fact relating to the issue of detention.

**A. Arrest**

An affidavit supporting the criminal complaint alleges that on September 9, 2022, Independence Police Department ("IPD") Officer Bates attempted to stop a white Saturn SUV

bearing Ohio license plate JUH6759 (the "Target Vehicle") for a traffic violation.[1] (ECF No. 1-1, Jutte Aff. at PageID #5). Officer Bates activated his patrol vehicle's lights and siren, and the Target Vehicle did not stop. Officer Bates discontinued his pursuit of the Target Vehicle. Id.

On September 10, 2022, IPD Officer Wadley was notified that the Target Vehicle entered the City of Independence and began canvasing the area for the Target Vehicle. Id. Officer Wadley located the Target Vehicle and began to follow it, observing Richards as the operator of the vehicle. Id. Richards failed to use his turn signal and Officer Wadley attempted to conduct a traffic stop. Richards initially stopped and upon Officer Wadley exiting his patrol vehicle, Richards drove off. IPD officers pursued Richards and he pulled over into a parking lot, exited the vehicle, and began to flee on foot. (Id. at PageID #5-6).

During the foot pursuit, Richards allegedly failed to comply with orders to stop fleeing and IPD Sergeant Haworth utilized his taser to stop Richards. (Id. at PageID #6). Richards fell to the ground and reached into his pocket, removing a plastic bag containing what was determined to be 12.5 grams of crack cocaine and a plastic bag containing 56.4 grams of a fentanyl and heroin mixture. Id. SGT Haworth attempted to arrest Richards and he resisted, reaching for his pant leg. SGT Haworth observed a black semi-automatic pistol protruding from a hole in Richard's right pant leg. Id. During a search of Richards' person, once he was in custody, officers found a black Glock Model 26 with an extended magazine; it contained an unknown number of rounds, with one round chambered. Also found was a black digital scale and U.S. currency. (Id. at PageID #6-7).

Richards was indicted for 1) possession with intent to distribute more than 40 grams of a mixture and substance containing a detectable amount of fentanyl and heroin and flurofentanyl; 2) possession with intent to distribute a detectable amount of cocaine base; 3) possession of a firearm

---

[1] The Court notes that the statements in the affidavit regarding Mr. Richards' conduct are simply allegations. As the Constitution requires, Mr. Richards is presumed innocent of all the charges against him.

in furtherance of a drug trafficking crime; and 4) forfeiture. (ECF No. 17, Indictment at PageID #75-76).

### B. Pretrial Services Report and Detention Hearing

In its report, Pretrial Services ("PTS") recommended release on a $20,000 unsecured bond subject to conditions to ensure Richards' appearance. (PTS Report ("Report") (Addendum) at p. 3). The Report stated that Richards lives at his mother's address and is employed by his father's landscaping business. (Id. at p. 1). Richards has a prior criminal record in Cuyahoga County including: 1) a 2018 case for improper handling of a firearm in a motor vehicle, carrying a concealed weapon, and receiving stolen property for which he entered into and completed a diversion program and was put on probation[2]; and 2) a 2021 conviction for improperly handling a firearm in a motor vehicle, and 3) a 2022 arrest for failure to comply with a police order, tampering with evidence and obstructing official business, and drug possession for which he is currently out on bond. (Id. at p. 1-2). PTS also recommended that Richards be released into a residential treatment facility for a minimum of 60 days for substance abuse treatment.

At the detention hearing, the United States sought pretrial detention and offered evidence that at the time of his arrest Richards was on probation in Cuyahoga County, has two prior firearms cases, admitted to daily heroin use, has displayed a failure to comply with police orders during arrest, and committed the allegations in this case while out on bond in the Cuyahoga County case. (ECF No. 16, Detention Hearing Transcript at PageID #59-61).

Richards offered evidence that he has been living with his mother for approximately two years, he is employed as a landscaper, is willing to undergo substance abuse treatment, has never been

---

[2] It would appear that the reference in the Report to "probation" refers to the diversionary period; according to the Report, once he successfully completed the diversion program the case was dismissed. As such, the case is not being treated as a conviction.

3

convicted of failing to comply, does not have any warrants in the Cuyahoga County case, has been in constant contact with his attorney, successfully completed a diversion program, has not had any violations of the 2021 community control order (except arguably the instant allegations), and that Pretrial Services recommended release on bond subject to conditions including 60 days minimum of inpatient treatment. (Id. at PageID #61-63).

### C. Bond and Conditions of Release

The Magistrate Judge found that Richards rebutted the presumption of detention that no condition or combination of conditions will reasonably assure Richards' appearance and/or the safety of the community, and ordered Richards' release on bond subject to conditions. (Id. at PageID # 69-72).

**Appeal and Opposition**

The United States appealed the Magistrate Judge's decision, arguing that Richards did not rebut the presumption of detention because he did not provide evidence that he was not a danger to the community. (ECF No. 8, Appeal). Specifically, The United States argued that the following factors weighs in favor of detention: 1) Richards is a daily heroin user and had used on the day of his arrest; 2) his address and employment in the PSR were unverified; 3) he has two previous firearms related offenses and was on probation for his 2021 conviction as well as currently on bond for his 2022 Cuyahoga County arrest; and 4) his charges in this case involve drugs and a firearm, and carry a substantial sentence. (Id. at PageID #17, 21-22 ). Moreover, the United States argued that Richards is a flight risk because he fled from the police during his arrest and that this fleeing (while in his vehicle) also indicates that he is a danger to the community. (Id. at PageID #23-24).

In his opposition, Richards argued that the United States effectively conceded that he is not a flight risk, as his fleeing during arrest does not affect the likelihood of his appearance in court.

(ECF No. 23, Opp. at PageID #101). Richards noted that he has not been found guilty of the alleged conduct in the Cuyahoga County case, that he appeared at arraignment and other pretrials in that case, and there was never a warrant issued for his arrest for failure to appear prior to this case. Id. Last, he averred that inpatient treatment along with additional conditions imposed by the Magistrate Judge would adequately protect the public. (Id. at PageID #102).

## ANALYSIS

District courts review a magistrate judge's release or detention order de novo. *United States v. Tripplett*, No. 1:19-cr-700, 2020 WL 6702118, at *1 (N.D. Ohio Nov. 13, 2020) (citing *United States v. Alexander*, 742 F. Supp. 421, 423 (N.D. Ohio 1990)). On review, the district court engages "in the same analysis, with the same options, under § 3142 as the magistrate judge." *United States v. Yamini*, 91 F. Supp. 2d 1125, 1129 (S.D. Ohio 2000) (citing *United States v. Maull*, 773 F.2d 1479, 1482 (8th Cir. 1985)).

Under the Bail Reform Act, "a defendant may be detained pending trial only if a judicial officer 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]'" *United States v. Stone*, 608 F.3d 939, 947 (6th Cir. 2010) (quoting 18 U.S.C. § 3142(e)). To merit an order of detention, the United States must prove either (1) by a preponderance of the evidence, that Mr. Spivak poses a risk of flight, *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004); or (2) by clear and convincing evidence, that he poses a risk to the safety of others and the community, *Stone,* 608 F.3d at 946 (citing 18 U.S.C. § 3142(f)(2)(B)).

The United States bears the burden of proving that detention is warranted. To carry its burden, the United States must prove either (1) by a preponderance of the evidence, that Mr. Johnson poses a risk of flight, *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004); or (2) by clear and

5

convincing evidence, that he poses a risk to the safety of others and the community, *Stone,* 608 F.3d at 946 (citing 18 U.S.C. § 3142(f)(2)(B)). Clear and convincing evidence requires a firm belief or abiding conviction that what is alleged is highly probable. *Kelley v. Apria Healthcare, LLC*, 232 F. Supp. 3d 983, 1003 (E.D. Tenn. 2017); *Automotive Techs. Int'l., Inc. v. Delphi Corp.*, 776 F. Supp. 2d 469, 477 (E.D. Mich. 2011); *Cooney v. Bob Evans Farms, Inc.*, 645 F. Supp. 2d 620, 629 (E.D. Mich. 2009); *In re Bowling*, 314 B.R. 127, 135 (S.D. Ohio 2004).

Additionally, Section 3142 includes a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community when there is probable cause to believe that the defendant has committed an offense under the Controlled Substances Act (21 U.S.C. § 801 et seq.) that carries a maximum term of imprisonment of ten years or more, or has committed a firearms offense in violation of 18 U.S.C. § 924(c). 18 U.S.C. § 3142(e)(3)(A) & (B). The presumption shifts the burden of production onto the defendant and the United States retains the "burden of persuasion." *Stone,* 608 F.3d at 945. In other words, Richards must rebut the presumption that he must be detained because he has been charged with an offense in violation of the Controlled Substances Act and a qualifying firearm offense. A defendant satisfies this burden of production when he "comes forward with evidence that he does not pose a danger to the community or risk of flight." *Id*. (citing *U.S. v. Mercedes*, 254 F.3d 433 (2nd Cir. 2001)). "Although a defendant's burden of production 'is not heavy,' he must introduce at least some evidence." *Id*. (citing *United States v. Stricklin,* 932 F.2d 1353, 1355 (10th Cir.1991)).

### A. Risk of Flight and Safety of Others

The Court finds that Richards has rebutted the presumption that no conditions will assure his appearances in court. While there are allegations that Richards fled from police in this case and a

previous state case, there is no allegation that he has had problems with appearing for court proceedings. In fact, both counsel proffered the PTS Report which shows no problems in that regard and further indicates that he has been compliant with prior obligations to appear in court. Additionally, Richards has a home and job in the Northern District of Ohio as well as a minor child that he provides for. All of these circumstances indicate there are conditions that will assure his appearances in court.

The Court also finds that Richards has rebutted the presumption that no conditions can assure the safety of the community. The PTS Report proffered by both counsel indicates that Richards has only one prior conviction for a felony of the fifth degree. The Court notes that while it involved a firearm, it is considered a misdemeanor under federal law.[3] While the United States has provided evidence that Richards has a previous firearm-related conviction (and a prior firearm-related arrest for which the case was dismissed) and had a firearm at the time of his arrest in this case, there is no evidence before the Court that Mr. Richards has ever been convicted of a crime of violence involving a firearm. Moreover, while it is alleged that Richards has resisted arrest on more than one occasion, he has not been charged with or convicted of resisting arrest. The record also does not indicate he has been charged with or convicted of assaulting a police officer, which would give the Court greater concern than the present circumstances. The fact that Richards was on probation at the time of the arrest in this case, the drugs and gun he allegedly possessed at the time of the arrest, and his apparent addiction to heroin all create some serious concerns for the Court, but the totality of circumstances indicates there are conditions which the Court can impose to assure the safety of the community.

### B. The Factors Under Section 3142

---

[3] Under Ohio law, a felony of the fifth degree is punishable by up to 12 months in custody.

In determining whether there are conditions of release that will reasonably assure Richards' appearance and the safety of others and the community, the Court reviews the record in light of the factors listed in 18 U.S.C. § 3142(g): (1) "the nature and circumstances of the offense charged"; (2) "the weight of the evidence against the person"; (3) "the history and characteristics of the person"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." To order detention under Section 3142(e) requires proof by clear and convincing evidence. 18 U.S.C. § 3142(f); *Yamini*, 91 F. Supp. 2d at 1127.

    a. **Nature and Circumstances of the Offense Charged**

The first factor considers whether the offense charged is a crime of violence, has a minor victim, or involves a controlled substance. 18 U.S.C. § 3142(g)(1). The Court recognizes that Richards has been charged with a crime involving a controlled substance, which weighs in favor of detention. He also has been charged with possession of a gun in connection with the drug offense, which further weighs in favor of detention.

    b. **Weight of the Evidence**

This factor goes to the weight of the evidence of dangerousness or risk of flight, not the weight of the evidence of the defendant's guilt and is not a pretrial determination of guilt. *Stone*, 608 F.3d at 948. Richards' criminal history does not indicate any convictions for acts of violence towards others—misdemeanor or felony. There is also no evidence in the record that Richards has ever used weapons or firearms in acts of violence. While the allegation that he has resisted arrest/fled from police gives the Court some pause, it is counterbalanced by the fact that he appears to have had no prior problems appearing in court. Conditions including electronic monitoring and strict pretrial supervision offer sufficient assurances that the community will be safe and he will appear if released.

### c. History and Characteristics of the Person

The history and characteristics of a defendant include "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A). Additionally, they include whether the defendant was on probation or parole at the time he committed the offense. *Id*. § 3142(g)(3)(B).

Richards is a drug user, has a previous criminal conviction, and was on probation and on bond at the time of his arrest in this case. However, his ties to the community are strong. He has family in the Northern District of Ohio, has lived in the area for at least the past ten years, has an infant child in the district for whom he is financially responsible, and has employment. Moreover, the record shows that he has previously appeared at all court proceedings, has completed a diversion program, and complied with the terms of probation prior to this case. As previously stated, his lone prior conviction is effectively a misdemeanor under federal law. These circumstances weigh heavily in favor of bond.

### d. Nature and Seriousness of the Danger Release Poses

Under 18 U.S.C. § 3142(g)(4), the Court must consider "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." Considering the record as a whole, there is little evidence beyond that already discussed that Richards will pose a serious danger to the community if released subject to conditions. Balancing these factors, the Court finds that the United States has failed to prove by clear and convincing evidence that no condition or combination of conditions could reasonably assure the safety of other persons and the community.

**CONCLUSION**

For the foregoing reasons, the Court determines that Mr. Richards has rebutted the presumption in favor of detention and that a combination of conditions will reasonably assure Richards' appearance and safety of the community. Therefore, the Court AFFRIMS the decision of the Magistrate Judge and orders Mr. Richards' release pending trial subject to the Order Setting Conditions of Release filed separately in this matter. If Mr. Richards violates any of the conditions of release, he is subject to revocation of the bond, among other possible consequences.

**IT IS SO ORDERED.**

Date: November 7, 2022

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**