# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA., | ) | CASE NO. 1:22-cr-574 |
| Plaintiff, | ) ) ) | JUDGE CHARLES E. FLEMING |
| v. | ) ) | |
| STEVEN JEROME RICHARDS, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) ) ) | |

Pending before the Court is Defendant Steven Jerome Richards's *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Motion") (ECF No. 61). The Government filed its opposition (ECF No. 63), and Richards did not reply. For the reasons below, the Motion is **DENIED**.

**I.     BACKGROUND**

On September 28, 2022, a federal grand jury issued an indictment charging Richards with two counts of possession of intent to distribute controlled substances, in violation of 18 U.S.C. § 841(a)(1), and one count of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). (ECF No. 17). Richards, having signed a plea agreement, entered a guilty plea to all three charges in the indictment on February 26, 2024. (Minutes of Proceedings [non-document] dated Feb. 26, 2024). On August 12, 2024, the Court sentenced Richards to an 80-month total term of imprisonment, with 20 months on Counts 1 and 2, to be served concurrently to each other, and 60 months on Count 3, to be served consecutive to all other terms. (ECF No. 59; Minutes of Proceedings [non-document] dated June 7, 2023). Richards did not file a direct appeal.

On January 6, 2025, Richards filed the Motion. (ECF No. 61). Richards argues that a 2024 amendment to §5H1.1 of the Sentencing Guidelines, his youthfulness at the time of prior and current offenses, potential disparities in sentencing that might arise given the 2024 amendment, and his post-conviction rehabilitation efforts, all constitute extraordinary and compelling reasons for a reduction in his sentence. (*Id.*).

On January 29, 2025, the Government opposed the Motion. (ECF No. 63). It argues that the Motion should be denied because Richards failed to satisfy the exhaustion requirement, the non-retroactive changes to §5H1.1 do not qualify as extraordinary and compelling reasons, Richards's youthfulness cannot constitute an extraordinary and compelling reason (as it was considered during sentencing), and the § 3553(a) factors do not support a reduction in Richards's sentence. (*Id.* at PageID #332–36). On February 24, 2025, Richards moved the Court for an extension of time to respond to the Government's opposition. (ECF No. 66). The Court granted the extension and set the deadline for Richards to file a reply in support of the Motion as April 11, 2025.[1] (ECF No. 67). The deadline elapsed without Richards filing a reply.

## II. LEGAL STANDARD

"Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019). District courts are granted authority to modify sentences under 18 U.S.C. § 3582(c)(1)(A) in certain circumstances. Specifically, a district court may grant a sentence reduction under § 3582(c)(1)(A) "only if it finds that the defendant satisfies three requirements: (1) 'extraordinary and compelling reasons warrant such a

---

[1] As noted in the Order granting the extension, the Court received Richards's request after it had issued a Memorandum Opinion and Order denying the Motion on February 25, 2025 (ECF No. 65). (ECF No. 67, PageID #351). The Court granted the extension and vacated that Memorandum Opinion and Order. (*Id.*).

reduction'; (2) the 'reduction is consistent with applicable policy statements issued by the Sentencing Commission'; and (3) the relevant § 3553(a) factors support the reduction." *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021) (quoting § 3582(c)(1)(A)(i); *United States v Elias*, 984 F.3d 516, 518 (6th Cir. 2021)); *see also United States v. McKinnie*, 24 F.4th 583, 586 (6th Cir. 2022).  Thus, a district court may deny a motion for compassionate release when any of the three requirements under § 3582(c)(1)(A) is lacking.  *See Elias*, 984 F.3d at 519.

## III.   DISCUSSION

### A.   Exhaustion

The Government first argues that the Motion must be denied because Richards failed to exhaust his administrative remedies—since he failed to present his claim/request for compassionate release to the warden.  (ECF No. 63, PageID #332).  A defendant may move for compassionate release only "after the defendant has *fully exhausted* all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, . . ."  18 U.S.C. § 3582(c)(1)(A) (emphasis added).  This exhaustion requirement is a mandatory claims-processing rule that must be enforced if timely raised by the Government.  *See United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020).  A defendant, even one proceeding *pro se*, bears the burden of establishing exhaustion.  *United States v. Potter*, No. 23-5998, 2024 U.S. App. LEXIS 17170, at *3 (6th Cir. July 12, 2024).

Richards has not met his burden of establishing exhaustion after the Government timely raised his failure to exhaust.  Despite being granted an extension of time, Richards did not file a reply brief addressing the issue of exhaustion.  The Motion does not indicate whether his claim for compassionate release was ever submitted to the warden of his current facility (or any other prison

3

official), nor does it assert that he appealed the failure of the Bureau of Prisons to bring a motion on his behalf.  Simply put, Richards has offered no evidence that he fulfilled 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement.  The Government correctly observes that the Court must deny the Motion for this reason alone.  Thus, Richards's request for compassionate release must be denied.

### B. Alternative Merits Analysis

Even if Richards had been able to establish that he fully exhausted his administrative rights, the Court would still deny the Motion on the merits because Richards has failed to demonstrate "extraordinary and compelling" reasons to justify a reduced sentence under 18 U.S.C. § 3582(c)(1)(A).  The Sentencing Guidelines currently enumerate six factors that individually, or in combination, may qualify as extraordinary and compelling reasons warranting a reduction in sentence under § 3582(c)(1)(A): (1) Medical Circumstances of the Defendant; (2) Age of the Defendant (in which the defendant must be at least 65 years old and experiencing a serious deterioration in physical and mental health based on aging); (3) Family Circumstances of the Defendant; (4) Victim of Abuse; (5) Other Reasons; and (6) Unusually Long Sentence.  U.S.S.G. § 1B1.13(b).  Richards argues that his youthfulness at the time of his current and prior offenses, when considered in light of the recently issued, non-retroactive amendment to U.S.S.G § 5H1.1, constitutes an extraordinary and compelling reason for a reduction in sentence because it will result in future sentencing disparities.  (ECF No. 61, PageID #321–22).  Richards also cites his post-conviction behavior, specifically his pursuit of rehabilitative programming while in prison, as an extraordinary and compelling reason for relief.  (*Id.* at PageID #323).  Because the Motion does

4

not invoke the first four categories, Richards is apparently relying on the fifth and sixth categories (Other Reasons and Unusually Long Sentence) to support a sentence reduction.

The non-retroactive amendment to the Sentencing Guidelines that Richards relies on is Amendment 829. Effective November 1, 2024, Amendment 829 amended the policy statement at U.S.S.G § 5H1.1 to state that a downward departure "may be warranted due to the defendant's youthfulness at the time of the offense or prior offenses." U.S.S.G., Amendment 829. But, as conceded by Richards, (ECF No. 61, PageID #322), Amendment 829 has not been made retroactive at this time. *See* U.S.S.G. § 1B1.10(d). For several reasons, the Court cannot consider Amendment 829 when determining whether there are extraordinary or compelling circumstances for relief under 18 U.S.C. § 3582(c)(1)(A).

First, the Sixth Circuit has held that courts cannot consider "nonretroactive changes in sentencing law" as "'extraordinary and compelling reasons' that warrant relief." *United States v. McCall*, 56 F.4th 1048, 1054 (6th Cir. 2022) (en banc). The *McCall* Court noted the possibility that the Sentencing Commission might amend its policy statement in the future to abrogate this holding. *Id.* at 1054 n.3. However, none of the amendments promulgated by the Commission since that decision would allow the Court to consider Amendment 829. Under U.S.S.G. § 1B1.13, non-retroactive amendments to the Sentencing Guidelines "shall not be considered for purposes of determining whether an extraordinary and compelling reason exists" for granting a sentence reduction under § 3582(c)(1)(A). There is, however, an exception "when a defendant has served at least ten years of an 'unusually long sentence' and the legal 'change would produce a gross disparity between the sentence being served' and the one that would 'likely' have been imposed under the new law." *United States v. Washington*, 122 F.4th 264, 267 (6th Cir. 2024) (quoting U.S.S.G. § 1B1.13(b)(6)). This exception does not apply here because Richards has served less

than 2 years of an 80-month term of imprisonment,[2] well short of the 10-year requirement. Thus, the Court cannot consider Amendment 829, or any potential sentencing disparities that might arise from that non-retroactive amendment, as extraordinary and compelling reasons for relief.

The Court also cannot consider Richards's age at the time of the instant offense and his prior offenses as the basis for finding extraordinary and compelling reasons for a reduction in sentence because it is an impermissible factual consideration. The Sixth Circuit has held that facts which existed when the defendant was sentenced, such as the defendant's youthfulness and criminal history, are not permissible grounds for finding "extraordinary and compelling" reasons warranting relief. *See McKinnie*, 24 F.4th at 586; *Hunter*, 12 F.4th at 570. In this case, the Court was not only aware of Richards's youthfulness at sentencing, but it specifically took it into account when it imposed a sentence below the Guidelines range, citing it as one of the reasons for granting a downward variance. (ECF No. 60, PageID #318–19).

This leaves Richards's rehabilitation efforts as the sole remaining reason to support a reduction in sentence. He states that he has "diligently pursued rehabilitation since arriving at the federal prison," finished some constructive programs, and sought to join further programs despite extensive waiting lists. (ECF No. 61, PageID #323). While Richards's efforts are laudable, his participation in these rehabilitation efforts is not particularly extraordinary and compelling (based on the evidence before the Court) and such efforts are simply what is expected from all inmates. *See United States v. Jethrow*, No. 4:08-cr-520, 2025 U.S. Dist. LEXIS 24138, at *15 (N.D. Ohio Feb. 11, 2025) ("In addition, though rehabilitation is to be encouraged and applauded, it is also part of what is expected from all inmates."); *United States v. Sandlain*, No. 14-cr-20283, 2024

---

[2] The Court imposed Richards's sentence imposed on August 12, 2024, he had been held in custody since February 26, 2024, and the Court recommended that the Bureau of Prisons award Richards credit for time served. (*See* ECF No. 59; Minutes of Proceedings [non-document] dated Feb. 26, 2024).

6

U.S. Dist. LEXIS 133502, at *11 (E.D. Mich. July 29, 2024) ("In other words, rehabilitation is what is expected; it is not extraordinary."). Congress has also emphasized that "[r]ehabilitation of the defendant *alone* shall not be considered an extraordinary and compelling reason' for compassionate release." 28 U.S.C. § 994(t) (emphasis added). The Court finds that Richards's rehabilitation efforts do not constitute a compelling and extraordinary reason for relief. Accordingly, Richards has not demonstrated extraordinary and compelling reasons that would justify a reduced sentence under 18 U.S.C. §3582(c)(1)(A).[3]

## IV.  CONCLUSION

For the foregoing reasons, Richards's motion for compassionate release (ECF No. 61) is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 23, 2025

_____
**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**

---

[3] Even if Richards cleared the initial burden of showing extraordinary and compelling reasons for relief, the Court would still deny the Motion because the relevant § 3553(a) factors do not support a reduction in sentence. Little time has elapsed since the imposition of his sentence, and Richards has presented no circumstances that would significantly affect the Court's prior analysis of the § 3553(a) factors at Richards's sentencing. The nature and circumstances of the underlying offenses remains serious (possession with intent to distribute controlled substances and possession of a firearm in further of a drug trafficking crime). As discussed above, the Court already considered the history and characteristics of Richards, specifically his age, criminal history, lack of youthful guidance, and mental and emotional condition, when it granted a downward variance and imposed a sentence below the Guidelines range. Considering the § 3553(a) factors, the Court finds that a further reduction in sentence would undermine the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence, and protect the public from further crimes of the defendant. The Court also finds that Richards's current, below-Guidelines sentence already avoids any unwarranted sentencing disparities.