UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA., | ) | CASE NO. 1:22-cr-574 |
| Plaintiff, | ) ) ) | JUDGE CHARLES E. FLEMING |
| v. | ) ) | |
| STEVEN JEROME RICHARDS, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) ) ) | |

Pending before the Court is Defendant Steven Richards's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Motion to Vacate") (ECF No. 69). The Government filed a timely opposition on August 11, 2025. (ECF No. 70). The Court ordered Richards to file a reply by September 26, 2025. (Order [non-document] dated 8/12/2025). Richards, however, did not reply. For the reasons set forth below, the Motion to Vacate is **DENIED**.

I. BACKGROUND

On September 28, 2022, a federal grand jury issued an indictment charging Richards with two counts of possession of intent to distribute controlled substances, in violation of 18 U.S.C. § 841(a)(1), and one count of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). (ECF No. 17). Richards, having signed a plea agreement, entered a guilty plea to all three charges in the indictment on February 26, 2024. (Minutes of Proceedings [non-document] dated Feb. 26, 2024). On August 12, 2024, the Court sentenced Richards to an 80-month total term of imprisonment, with 20 months on Counts 1 and 2, to be served concurrently to each other, and 60 months on Count 3, to be served consecutive to all other

1

terms. (ECF No. 59; Minutes of Proceedings [non-document] dated June 7, 2023). Richards did not file a direct appeal.

On June 11, 2025, Richards filed his Motion to Vacate, raising two grounds for relief related to his conviction for possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c)(1)(A). (ECF No. 69). First, Richards argues that he received ineffective assistance of counsel when his counsel failed to inform him that he "could challenge the indictment and charges of § 922(g)(1) using the BRUEN framework" because he is a "non-dangerous person." (*Id.* at PageID #364). Second, Richards argues that § 924(c) conviction is unconstitutional because under the *United States v. Williams*[1] framework he was not dangerous and did not pose a threat to public safety—particularly because he was granted pre-trial release under the same framework. (*Id.* at PageID #365). In a supporting brief attached the Motion to Vacate, Richards argues that § 924(c) is unconstitutional under *New York State Rifle & Pistol Ass'n., Inc. v. Bruen*[2] based on the plain text and history of the Second Amendment. (ECF No. 69-1).

On August 11, 2025, the Government filed a timely opposition to the Motion to Vacate. (ECF No. 70). The Court set the deadline for Richards to file a reply in support of the Motion to Vacate as September 26, 2025. (Order [non-document] dated Aug. 12, 2025). He did not file a reply.

**II.      LEGAL STANDARD**

Section 2255 provides a means by which a prisoner in federal custody may challenge his conviction or sentence on the ground that it was imposed in violation of the Constitution or laws of the United States. A federal prisoner that moves to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 must demonstrate one of four authorized grounds for relief: (1) "the

---

[1] 113 F.4th 637 (6th Cir. 2024).
[2] 597 U.S. 1, 142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022).

sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).  "To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A defendant/petitioner must also demonstrate "the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict."  *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).  "A petitioner seeking to vacate a sentence pursuant to § 2255 has the burden of sustaining his contentions by a preponderance of the evidence."  *McNeil v. United States*, 72 F. Supp. 2d 801, 804 (N.D. Ohio 1999) (citing *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)).

### III.    DISCUSSION

#### A.    Ground Two – Unconstitutionality of 18 U.S.C. § 924(c)(1)(A)

The Court will first address Richards's second claim.  He argues that § 924(c)(1)(A) is unconstitutional under *Bruen* and *Williams*.  (ECF No. 69, PageID #365; *see* ECF No. 69-1, PageID #373–79).  In *Bruen*, the Supreme Court expressed a clear, two-step framework for deciding the constitutionality of gun laws: first, the district court must decide whether the plain text of the Second Amendment covers an individual's conduct.  *Bruen*, 597 U.S. at 18.  If the Second Amendment's text covers a person's conduct, then the law is presumptively unconstitutional, and the Government has the burden of demonstrating "that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id.*  "Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the

3

individuals' conduct falls outside the Second Amendment's 'unqualified command.'" *Id.* (quoting *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50 n.10, 81 S. Ct. 997, 6 L. Ed. 2d 105 (1961)).

To the extent that Richards challenges the constitutionality of his § 924(c)(1)(A) conviction under the *Bruen* framework, the Sixth Circuit has already expressly rejected such a challenge. In *United States v. Risner,* the Sixth Circuit applied the two-part test in *Bruen* to determine the constitutionality of § 924(c)(1)(A) under the Second Amendment. 129 F.4th 361, 366 (6th Cir. 2025). Rejecting Risner's claim, the Sixth Circuit found a "historical tradition of prohibiting the possession of dangerous and unusual weapons, which often included disarming serious lawbreakers[.]" *Id.* at 368 (citing *United States v. Greeno*, 679 F.3d 510, 519 (6th Cir. 2012)). The Court also referenced the historical analog in *United States v. Rahimi* that allows disarmament of individuals "who pose a credible threat to physical safety of others." *Id.* (citing *United States v. Rahimi*, 602 U.S. 680, 693, 144 S. Ct. 1889, 219 L.Ed.2d 351 (2024)). The Court concluded that this nation's historical tradition of firearm regulations includes "§ 924(c)(1)(A)'s prohibition against possessing a firearm in furtherance of a drug trafficking crime" because it serves an "objectively unlawful purpose."[3] *Id.* at 369. Given this binding authority to the contrary, Richards constitutional challenge under *Bruen* fails.

Richards's challenge to the constitutionality of his § 924(c)(1)(A) conviction under *United States v. Williams* also fails. In *Williams*, the Sixth Circuit considered a facial and as-applied challenge to the constitutionality of § 922(g)(1). *Williams*, 113 F.4th at 643. Using the *Bruen* framework, the Sixth Circuit found that the plain text of the Second Amendment does not distinguish between felons and non-felons, and thus it presumptively protects a felon's right to

---

[3] In pleading guilty to an offense under § 924(c)(1)(A), Richards admitted to using a firearm in a drug trafficking crime – an "objectively unlawful purpose" unprotected by the Second Amendment. *Risner,* 129 F.4th at 369; (ECF No. 53, PageID #9).

4

bear arms. *Id.* at 649–50. Pursuant to the second prong of *Bruen*, the Sixth Circuit then conducted a detailed historical analysis of our nation's firearm regulation. *Id.* The Court ultimately concluded that § 922(g)(1) is not susceptible to a facial challenge because "our nation's history and tradition demonstrate that Congress may disarm individuals they believe are dangerous." *Id.* at 657. However, it is susceptible to an as-applied challenge where an individual could demonstrate that he is *not* dangerous. *Id.* The Sixth Circuit held that in considering an as-applied challenge, it is the defendant's burden to show he is not dangerous. *Id.* at 662. Richards argues that he is not "dangerous" because he poses no threat of violence or threat to public safety. (ECF No. 69-1, PageID #373–74).

First, *Williams* is inapplicable to this case. Richards pleaded to a charge under § 924(c)(1)(A), while *Williams* applies to § 922(g)(1) convictions. The "dangerousness" test concerns individuals prohibited from possessing a firearm due to their status as a felon. *Williams*, 113 F.4th at 663; *see also* 18 U.S.C. § 922(g)(1) (defining felon as a person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year"). The dangerousness determination is a fact-specific test, in which a court looks at the defendant's entire criminal history and the specific felony underlying the § 922(g)(1) conviction. *Id.* On the other hand, Richards's § 924(c)(1)(A) conviction pertains to the use of a firearm while committing a drug trafficking offense. Despite asserting that § 924(c)(1) is a mirror image of § 922(g)(1), Richards presents no authority that the statutes encapsulate the same conduct or should be interpreted similarly. (ECF No. 69, PageID #365). It is axiomatic that these offenses are not mirror images. Section 922(g) prohibits possession of a firearm, in or affecting commerce, after having sustained a felony conviction. Section 924(c)(1)(A) proscribes possessing a firearm in furtherance of either a violent crime or a drug trafficking crime. The latter does not require a prior

felony conviction, and the former does not require the firearm to be possessed in connection with another crime. Thus, Richards's argument under *Williams* fails.

Second, in *Risner,* the Sixth Circuit upheld the constitutionality of disarming "dangerous" individuals. *Risner*, 129 F.4th at 369. The Sixth Circuit further found that § 924(c)(1)(A) is a dangerous act that "fits comfortably within the history and tradition of gun regulation in this country." *Id.* Therefore, Richards's constitutional challenge of § 924(c)(1)(A) fails and Ground Two is **DENIED**.

### B. Ground One – Ineffective Assistance of Counsel

In Gound One, Richards raises an ineffective assistance of counsel claim regarding his counsel's failure to advise him that he could challenge the constitutionality of the charges under § 924(c)(1)(A) pursuant to *Bruen* and *Williams*. (ECF No. 69, PageID #364). Courts analyze ineffective assistance of counsel based on the two-prong test from *Strickland v. Washington*.[4] *See Clardy v. Pounds,* 126 F.4th 1201, 1209 (6th Cir. 2025) (using the *Strickland* test to analyze a petitioner's ineffective assistance of counsel claim). First, a petitioner must show that counsel's performance was deficient, which requires that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Second, the petitioner must show that deficient performance prejudiced the outcome of the case. *Id.* A determination of prejudice requires a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694.

When "an underlying legal claim lacks merit, the failure of the [petitioner's] trial counsel to raise that claim does not constitute ineffective assistance of counsel." *Tackett v. Trierweiler*, 956 F.3d 358, 375 (6th Cir. 2020). Furthermore, "[n]o prejudice flows from the failure to raise a

---

[4] 466 U.S. 668, 104 S. Ct. 2052, L. Ed. 2d 674 (1984).

meritless claim." *Mahdi v. Bagley*, 522 F.3d 631, 638 (6th Cir. 2008). As discussed above, Richards's constitutional challenges to the charge and conviction under § 924(c)(1)(A) based on *Bruen* and *Williams* are meritless. Therefore, Richards's claim of ineffective assistance of counsel fails and Ground One is **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, Richards's Motion to Vacate (ECF No. 69) is **DENIED**. The Court also finds that "reasonable jurists" would not debate the dismissal of the Motion to Vacate and therefore **CERTIFIES** that an appeal from this decision cannot be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

**IT IS SO ORDERED.**

Dated: October 22, 2025

_____
**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**